# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 27, 2016

Ms. Lynn Marie Dodge
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Ms. Heidi T. Sharp
Burgess, Sharp & Golden
43260 Garfield Road, Suite 280
Clinton Township, MI 48038

Re: Case No. 15-2279, *Frank Rembisz v. Jacob Lew*
Originating Case No. : 5:13-cv-12757

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. David J. Weaver

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0176p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

FRANK REMBISZ,

       *Plaintiff-Appellant,*

v.

JACOB J. LEW, Secretary, Department of the Treasury,

       *Defendant-Appellee.*

No. 15-2279

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:13-cv-12757—John Corbett O'Meara, District Judge.

Decided and Filed: July 27, 2016

Before: BOGGS, CLAY, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Heidi T. Sharp, BURGESS SHARP & GOLDEN, PLLC, Clinton Township, Michigan, for Appellant. Lynn M. Dodge, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge. Federal employees must file a civil action for discrimination "[w]ithin 90 days of receipt of final action" by the agency. 42 U.S.C. § 2000e-16(c). This court previously warned Frank Rembisz, a federal employee, that "his case will not be long for this world" if he filed his complaint after that time limit. *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th

1

Cir. 2014). Presented with a certified-mail receipt dated one day outside the 90-day statutory limit, the district court granted summary judgment for Secretary Lew. We must affirm.

Frank Rembisz is a criminal investigator for the Internal Revenue Service. After failing to obtain several sought-after promotions, Rembisz filed an administrative charge of discrimination on February 14, 2012, claiming "an ongoing pattern and practice against his sex (male) and race (Caucasian) or color (white)." R. 1 at 6. The Department of Treasury investigated the claim and rejected it.

He filed this federal complaint on June 21, 2013, alleging that he received notice of the final agency decision on March 25, 2013, apparently bringing his complaint within the 90-day window. We rejected a Rule 12(b)(6) motion to dismiss the complaint premised on the ground that he filed the complaint too late. In doing so, however, we noted that he would have to "come forward with evidence at summary judgment" to back up the allegation in his complaint that he received notice of the administrative decision on March 25. *Rembisz*, 590 F. App'x at 504.

On remand, he never did so. As a result, the district court determined that "there [was] no genuine dispute" that Rembisz received notice more than 90 days before he filed his complaint and rejected the tardy claim as a matter of law. Fed. R. Civ. P. 56(a). Rembisz appealed again.

We presume that notice is given, "and hence the ninety-day limitations term begins running, on the fifth day following the [] mailing of [a right-to-sue] notification to the claimant[]." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The agency in this instance served its right-to-sue notification by first class and certified mail on March 15, 2013, making March 20, 2013, the presumptive date that the limitations period began. Rembisz offered no evidence that he received notice after March 20, the presumptive start date.

The only other evidence on this score comes from the Secretary, and it does not solve Rembisz's problem. A certified-mail receipt shows that Rembisz received the notice on March 22, 2013. But that still makes his complaint late by one day. *See* Fed. R. Civ. P. 6(a)(1). Because courts must "strictly enforce[] Title VII's ninety-day statutory limit," we ordinarily may

No. 15-2279 *Rembisz v. Lew* Page 3

not extend it even by "a single day." *Graham-Humphreys*, 209 F.3d at 557, 561. And because Rembisz missed the deadline, Secretary Lew is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Rembisz responds with evidence that his attorney received notice on March 25, 2013. But "a notice of final action is 'received' when the [agency] delivers its notice to a claimant or the claimant's attorney, whichever comes first." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (quotation omitted); *see Coen v. Riverside Hosp.*, 2 F. App'x 449, 451 (6th Cir. 2001) (per curiam); *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 n.1 (3d Cir. 1999); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Noe v. Ward*, 754 F.2d 890, 891 (10th Cir. 1985). One regulation, it is true, provides that "time frames for receipt of materials shall be computed from the time of receipt by the attorney." 29 C.F.R. § 1614.605(d). But that regulation "is concerned with 'time frames for receipt of materials' solely in the [Equal Employment Opportunity Commission] administrative process," making it inapplicable to civil proceedings before courts rather than administrative proceedings before agencies. *Carter v. Potter*, 258 F. App'x 475, 478 (3d Cir. 2007); *see also Harris v. Bodman*, No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008) (per curiam) (summarily affirming the use of the 90-day clock rather than the EEOC regulation); *cf. King v. Henderson*, 230 F.3d 1358, 2000 WL 1478360, at *1 n.2 (6th Cir. 2000) (per curiam) (unpublished table disposition).

Rembisz argues (for the first time in this case) that he "is entitled to equitable tolling of the 90-day requirement." Appellant's Br. 15. But he forfeited the issue by failing to raise it below. *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008). It would fail anyway. Rembisz knew that the Department of Treasury issued the notice on March 15, 2013, and he knew about the 90-day clock. For reasons of his own, Rembisz nonetheless failed to file the civil action on time.

Nor, "[a]s a matter of public policy," can we accept Rembisz's invitation to rewrite 42 U.S.C. § 2000e-16(c) to state that he must file a civil action "within 90 days of *his attorney's* receipt" of the notice. Appellant's Br. 17–18 (emphasis added). It is "the legislature," not the judiciary, that "prescribes the rules by which the duties and rights of every citizen are to be

regulated." *The Federalist No. 78*, at 402 (Alexander Hamilton) (George W. Carey & James McClellan eds., 2001); *see Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015).

    For these reasons, we affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 15-2279

FRANK REMBISZ,

        Plaintiff - Appellant,

v.

JACOB J. LEW, Secretary, Department
of the Treasury,

        Defendant - Appellee.

**FILED**
Jul 27, 2016
DEBORAH S. HUNT, Clerk

Before: BOGGS, CLAY, and SUTTON, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION WHEREOF, it is ORDERED that the district court's grant of summary judgment to Secretary Lew is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk